IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 FEB 12 AM 10: 43

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | | |
| v. | : | Civil Action No. |
| $559,245.65 in U.S. Currency, and | : | WDQ 14 CV 0422 _____ DEPUTY |
| A Black 2007 Ford F250 | | |
| VIN 1FTSW21P57EA99572, | : | |
| Defendant | | |

: : : : : : : : : :

### VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan T. Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. §881(a)(6).

### THE DEFENDANTS IN REM

2. The defendant property consists of the following:

   i. $31,948.72 seized from RMA Account ***1249 in the name of Yvonne WATKINS

   ii. $17,951.44 seized from Roth Ira Acct. ***1252 in the name of Maynard WATKINS

   iii. $27,480.41 seized from Roth Ira Acct. ***1253 in the name of Maynard WATKINS

   iv. $10,868.87 seized from Roth Ira Acct. ***1254 in the name of Maynard WATKINS

1

v.      $72,458.59 seized from Roth Ira Acct. ***31247 in the name of Yvonne WATKINS

vi.     $81,053.70 seized from Roth Ira Acct. ***1248 in the name of Maynard WATKINS

vii.    $306,356.37 seized from RMA Acct. ***1258 in the name of Maynard WATKINS

viii.   One black 2007 Ford F250 registered to Maynard WATKINS VIN 1FTSW21P57EA99572

ix.     $11,127.55 seized from Money Manager Account ******0860 held in the name of Maynard WATKINS at the First Financial Credit Union

(hereinafter, the "Defendant Property").

## JURISDICTION AND VENUE

5.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. §881.

6.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

8.      The defendant property is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money,

negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

9. To the extent it is necessary to do so, Plaintiff intends to rely on the provisions of 18 U.S.C. § 984 to establish that the Defendant Property is the property subject to forfeiture pursuant to 21 U.S.C. §881(a)(6).

## FACTS

9. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Allan Stocksdale, Detective with the Baltimore County Police Department, which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the defendant property;

3. That Judgment of Forfeiture be decreed against the defendant property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and

5. That the plaintiff has such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

2/11/2014
Date

*/s/ Evan T. Shea*

Evan T. Shea
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

**DECLARATION IN SUPPORT OF CIVIL FORFEITURE**

I. **Purpose of the declaration**

This declaration is submitted in support of a complaint for forfeiture of the following:

i. $31,948.72 seized from RMA Account ***1249 in the name of Yvonne WATKINS

ii. $17,951.44 seized from Roth Ira Acct. ***1252 in the name of Maynard WATKINS

iii. $27,480.41 seized from Roth Ira Acct. ***1253 in the name of Maynard WATKINS

iv. $10,868.87 seized from Roth Ira Acct. ***1254 in the name of Maynard WATKINS

v. $72,458.59 seized from Roth Ira Acct. ***31247 in the name of Yvonne WATKINS

vi. $81,053.70 seized from Roth Ira Acct. ***1248 in the name of Maynard WATKINS

vii. $306,356.37 seized from RMA Acct. ***1258 in the name of Maynard WATKINS

viii. One black 2007 Ford F250 VIN 1FTSW21P57EA99572 registered to Maynard WATKINS

ix. $11,127.55 seized from Money Manager Account ******0860 held in the name of Maynard WATKINS at the First Financial Credit Union

(together the "Defendant Property.")

I submit that there are sufficient facts to support a reasonable belief that the Defendant property constitutes (1) money, negotiable instruments, securities, and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substance Act in violation of Title 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

1

## II. Your Declarant

I, Allan Stocksdale, have been a Baltimore County Police Officer since August of 1986, and as of October 1991, have been assigned to the Narcotics Section. In February 1997, I began working in the Asset Forfeiture Unit within the Narcotics Section. In December of 2009, I transferred to the Legal Section.

## III. Probable Cause

The information set forth below is based upon personal observation, information provided by official police records, and other financial and public records.

1. The Baltimore County Police Department has initiated an investigation on Maynard WATKINS' involvement in the distribution of marijuana.

2. Subpoena information established that WATKINS resides at 2218 Turkey Point Road, Baltimore, Maryland; and that WATKINS rents storage unit# H-020 at 8821 Philadelphia Road. Furthermore, investigators learned that a 2007 Ford truck is registered to Maynard Clarence WATKINS Jr.

3. On August 9, 2013, investigators executed search warrants on WATKINS' residence at 2218 Turkey Point Road; on the storage facility at 8821 Philadelphia Road Unit# H-020; and on WATKINS' 2007 Ford truck.

4. WATKINS was present during the execution of the search warrant at his

2

residence. As a result of the search, investigators recovered (i) multiple bags of marijuana in varied sizes; (ii) scales; (iii) 67 Ambien pills (a Schedule IV Controlled Substance); (iv) $657.00 in U.S. Currency (processed through the State); (v) a cell phone; (vi) keys; (vii) miscellaneous paperwork, to include records and statements from different financial institutions; and (viii) his 2007 Ford F250 truck. WATKINS' ledger (the "Drug Ledger") was also recovered from the home, detailing quantities, prices involved in marijuana sales. The Drug Ledger described the sale of hundreds of pounds of marijuana from 2005 to 2013.

5. The search warrant executed at the storage facility located at 8821 Philadelphia Road Unit# H-020 resulted in the recovery of (i) 23 gallon size bags of marijuana; (ii) a scale; and (iii) CDS packaging.

6. In total, approximately 26 pounds of marijuana were recovered from WATKINS' residence at 2218 Turkey Point Road and the storage facility at 8821 Philadelphia Road Unit# H-020.

7. The financial documents recovered from the residence were from First Financial Credit Union, Morgan Stanley Financial, and UBS Financial Services, Inc. Maynard WATKINS resides at 2218 Turkey Point Road with his wife Yvonne WATKINS; however, she was not present during the execution of the search warrant.

8. Records regarding WATKINS' criminal history show an extensive record of narcotics arrest that date as far back as 1970 to 1999; Yvonne WATKINS has one prior drug felony from 1986.

3

9. Wage records show that Maynard WATKINS Jr. has no record of reported legitimate income in the State of Maryland.

10. Yvonne WATKINS earned $15,702 in reported legitimate income for the year 2012 and earned $8,505 during the first two quarters of 2013. Investigators learned that Yvonne WATKINS was a custodian for the Baltimore County Public School System.

11. Along with the documents recovered during the initial search warrant at WATKINS' residence, investigators recovered Maynard and Yvonne WATKINS' 2012 Federal Income Tax Return. According to the return, their combined total income for the year 2012 as reported to the Federal Government was $40,603. Maynard WATKINS reported $18,357 in business income from a landscaping business.

12. Investigators also have learned that Maynard and Yvonne WATKINS are the owners of at least two residential homes in the State of Maryland and at least one residential property in the state of Virginia.

13. Maynard and Yvonne WATKINS's reported income is insufficient to maintain their current financial lifestyle and their savings of $714,406.76.

14. As stated above, the Drug Ledger described marijuana sales from 2005 through 2013. For example, during the period from 2007-2010, the Drug Ledger revealed that WATKINS bought and sold 722.5 lbs of marijuana and profited $327,311.55 from those marijuana sales.

15. Analysis of the First Financial Credit Union accounts revealed that the seven month period between January and July 2013, cash deposits totaling $10,500 U.S. Currency were made into Yvonne WATKINS' accounts. During the eight month period between January and August 2013, cash deposits totaling $21,120 U.S. Currency were made into Maynard WATKINS' account.

16. On August 9, 2013, a seizure warrant was executed on the First Financial Credit Union: 1215 York Road Lutherville. On August 12, 2013 the First Financial Credit Union issued check# 02 0000410666 in the amount of $11,127.55 made payable to the United States Marshal. The check represents the funds removed from Money Manager Account #******0860 held in the name of Maynard WATKINS at the First Financial Credit Union.

17. Based on financial records obtained during the August 9, 2013 search warrant at WATKINS' residence, it was learned that both Maynard and Yvonne WATKINS maintained additional funds in UBS Financial Services. A seizure warrant was obtained accounts held at UBS Financial Services, Inc. in the names of Maynard and Yvonne WATKINS.

18. On September 3, 2013, pursuant to a seizure warrant, UBS Financial Services Inc., liquidated the below listed seven (7) accounts and issued seven individual checks for the amount corresponding to each account, the accounts and names on the accounts are as follows:

RMA Account ***1249 in the name of Yvonne WATKINS; vl: $31,948.72

Roth Ira Acct. ***1252 in the name of Maynard WATKINS; vl: $17,951.44

Roth Ira Acct. ***1253 in the name of Maynard WATKINS; vl: $27,480.41

Roth Ira Acct. ***1254 in the name of Maynard WATKINS; vl: $10,868.87

Roth Ira Acct. ***1247 in the name of Yvonne WATKINS; vl: $72,458.59

Roth Ira Acct. ***1248 in the name of Maynard WATKINS; vl: $81,053.70

RMA Acct. ***1258 in the name of Maynard WATKINS; vl: $306,356.37

**IV. Conclusion**

I declare, under penalty of perjury as provided in 28 U.S.C. Section 1746 that the foregoing is true and correct to the best of my knowledge and belief.

February 10, 2014

Detective Allan Stocksdale
Baltimore County Police Department

## VERIFICATION

I, Evan T. Shea, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Baltimore County Police Department and the United States Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

2/11/2014
Date

_____
Evan T. Shea
Assistant United States Attorney

5